# IN THE COURT OF APPEALS OF IOWA

No. 22-0809
Filed July 20, 2022

**IN THE INTEREST OF B.C., Z.B., and P.G.,**
**Minor Children,**

**J.G., Mother,**
Appellant.
_____

Appeal from the Iowa District Court for Scott County, Cheryl E. Traum, District Associate Judge.

A mother appeals from the termination of her parental rights. **AFFIRMED.**

Rebecca Ruggero, Davenport, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Jean Capdevila, Davenport, attorney and guardian ad litem for minor children.

Considered by May, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

The mother appeals the termination of her parental rights to three children—B.C., born in 2009; Z.B., born in 2014; and P.G., born in 2016. The Iowa Department of Human Services (DHS) became involved with the family in November 2019 after receiving allegations the mother was using controlled substances while caring for the children; concerns were exacerbated when it was discovered that the mother's husband, who is father of the youngest child, had committed an act of domestic violence towards the mother while the children were in the home. The mother voluntarily placed the children with a family friend in December.

All three children were adjudicated children in need of assistance in March 2020. Since that time, the mother has struggled with drug testing—repeatedly refusing to take tests or testing positive—and overdosed in January 2022, requiring her hospitalization. The mother was unsuccessfully discharged from inpatient substance-abuse treatment in 2020 and 2021. She completed a substance-abuse evaluation in August 2021 and was recommended to do extended outpatient treatment; but she did not show up for her admission appointment. At the termination hearing, the mother reported she was on the wait list for a treatment facility.

The mother vacillated between being totally disengaged from the case and being aggressively hostile to service providers; at the time of the termination hearing, an assault charge was pending after she grabbed a worker by the back

of the neck and threw the worker backward.[1] She would regularly miss family team meetings or be unreachable because her cell phone number would change. On top of all of that, there is also a founded allegation of sexual abuse committed against one of the children by the mother, which caused visits to be suspended—DHS recommended family therapy to reinstitute visits between the mother and child, but the mother failed to make an appointment. On a positive note, the mother was meeting with her solutions-based caseworker leading up to the termination hearing. The mother also testified at the termination hearing that she was attending some mental-health counseling, Alcoholics Anonymous and Narcotics Anonymous meetings, a sobriety-centric bible study, and a women's support group. She also testified she was in the final steps of securing appropriate housing.[2] However, the mother did not provide corroborating evidence for any of her statements. The mother testified she was taking all prescribed medication. But through the history of the case, the mother could not sustain consistent progress toward sobriety or addressing her mental-health challenges.

The two older children remained in the care of the family friend, while the youngest child is in her father's care. All children have expressed being fearful of the mother and do not wish to return to the mother's care. In the end, the juvenile

---

[1] The social worker was trying to prevent the distraught mother from leaving the supervised visit with the child. The mother ended up driving away with the child without a car seat. The event led to visits being suspended and the mother's arrest—one of two arrests during the pendency of this case.

[2] At the termination hearing, the mother was living with her father; he is a registered sex offender, making that an inappropriate living situation for the children.

court terminated the mother's parental rights under Iowa Code section 232.116(1), paragraphs (d), (f), (i), and (*l*) (2022).[3]

We review a termination of parental rights de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The mother does not challenge the grounds for termination. Instead, she argues she should have been granted an additional six months of services.[4] *See* Iowa Code § 232.104(2)(b) (allowing the juvenile court to delay permanency for up to six months if "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period"). The burden for proving the additional time would eliminate the need for removal rests on the parent seeking it. *In re K.G.*, No. 18-1187, 2019 WL 719047, at *2 (Iowa Ct. App. Feb. 20, 2019). At the termination hearing, the mother admitted that while she could be ready for unsupervised visits within six months, she could not have the children placed fully in her care by then. And six months would be an unrealistic timeline for the major work yet to be done on her mental-health and substance-abuse goals, especially given the lack of progress she has made in the over two years services have been available to her. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) ("[W]e look to the parent['s] past performance because it may indicate the quality of care the parent is capable of providing in the future."). Without assurance that six months would be sufficient additional time, we agree with the juvenile court that a six-month extension was unwarranted.

---

[3] Both B.C.'s and Z.B.'s fathers' rights were also terminated; they are not party to this appeal.

[4] We note the mother's brief cites to no legal authority, which we could consider a waiver of her arguments. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). For the benefit of the children, we address the merits of the factual arguments raised.

The mother next asserts that the State did not provide evidence that termination was in the children's best interests. We disagree. The State provided ample evidence of termination being most conducive "to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *See* Iowa Code § 232.116(2). And, the juvenile court's termination order mentions several examples of how the mother has failed to meet the children's best interests. The children are thriving in their respective homes, which are currently meeting their needs. We conclude termination is in their best interests.

As additional time was unwarranted and termination is in the children's best interests, we affirm the juvenile court's order terminating the mother's parental rights.

**AFFIRMED.**